IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ERIC BYERS,**

      **Plaintiff,**

v.                                          **Civil action no. 1:06cv10**
                                                  **(Judge Keeley)**

**UNIT MANAGER McADAMS, et al..**

      **Defendants.**

## REPORT AND RECOMMENDATION

On January 23, 2006, the plaintiff, initiated this case by filing a civil rights complaint for the Violation of Civil Rights Under 42 U.S.C. § 1983. Because the plaintiff is a federal inmate pursuing claims against federal officials,[1] the undersigned has treated this matter as one pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. §1983 and authorized suits against federal employees in their individual capacities. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, <u>et</u> <u>seq</u>., and 28 U.S.C. §§ 1915(e) and 1915(A).

**I. The Complaint**

In his complaint, the plaintiff alleges that during his ongoing incarceration at FCI Gilmore, various named defendants, who work for the Bureau of Prisons, have retaliated against him for exercising his right to seek court review of his conviction. As well, the plaintiff alleges that various named defendants have retaliated against him for pursuing his administrative remedies.

---

[1] The plaintiff has alleged violations against two defendants, Marc Sequinot, Esq. and James Brococoletti, Esq., neither of whom are federal officials, nor are they subject to suit under §1983. Therefore, those claims should be dismissed as discussed more fully below.

In particular, the plaintiff alleges that while filing his appeal, the staff at FCI Gilmore would hold funds for two or three weeks at a time, making it hard for him to file papers with the court. In addition, the plaintiff alleges that the staff would not put people on his visiting list. The plaintiff also alleges that he was placed in special housing for pursuing administrative remedies and the Regional Director rejected his administrative appeal.

Along with the defendants from the Bureau of Prisons, the plaintiff also names two attorneys as defendants in his complaint. The first is James Broccoletti, who was plaintiff's retained counsel in his criminal trial in the U.S. District Court for the Eastern District of Virginia. As well, Mr. Broccoletti was appointed to handle the plaintiff's appeal. Additionally, the plaintiff names Marc Sequinot, Esq., as another defendant. On September 25, 2003, the United States Court of Appeals entered an order relieving court-appointed counsel, James Broccoletti as counsel for the plaintiff and appointed Marc Sequinot as new counsel for the plaintiff on appeal. Other than naming Mr. Broccoletti, the defendant makes no specific allegation against him in support of any claim of wrong doing. With respect to Mr. Sequinot, the plaintiff alleges that he refused to file "any issues" with the court. However, the plaintiff does indicate that Mr. Sequinot did file an Anderson Brief on January 30, 2004.

As relief, the plaintiff seeks release from prison, a jury trial and damages in the amount of $1,000,000 against each of the defendants in their official capacity and in the amount of $100,000 against each of the defendants in their individual capacities. The plaintiff also requests that the Court freeze all the defendants' bank accounts, stocks, bonds, and money market accounts to assure payment of any award of damages.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28

U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. ANALYSIS

### A. Retaliation

In order to sustain a claim based on retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 Fl3d 72, 75 (4th Cir. 1994). Therefore, "in forma pauperis plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked conclusory allegations of reprisal to survive [§ 1915(e)(2)(B)]." Id. Furthermore, claims of retaliation are treated with skepticism in the prison context. Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996). Additionally, a plaintiff

---

[2] Id. at 327.

alleging that government officials retaliated against him in violation of his constitutional rights must demonstrate, *inter alia*, that he suffered some adversity in response to his exercise of protected rights." American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md., 990 F.2d 780, 785 (4th Cir. 1993).

While plaintiff alleges that retaliatory acts were taken in response to his filing his appeal, his claim fails to show the requisite adversity. Plaintiff does not allege that he was unable to pursue the appeal of his criminal conviction. In fact, the docket sheet from the U.S., District Court for the Eastern District of Virginia, clearly shows that the plaintiff not only filed a direct appeal of his conviction but also filed an appeal of the district court order denying his § 2255 motion.[3]

With respect to plaintiff's claims that prison officials retaliated against him for attempting to pursue his administrative remedies, the plaintiff makes naked conclusory statements. As such, he has failed to present allegations that can survive the initial screening process.

**B. Claims Against Counsel.**

Aside from naming him, the plaintiff makes no specific allegation against his first attorney, James Broccoletti. With respect to his second court-appointed attorney, Mr. Sequinot,

---

[3]Following a three day jury trial (2:02cr77), the defendant was found guilty on February 6, 2003, of counts 1 through 6 and 8 of an indictment involving possession with intent to deliver marihuana, cocaine base, and cocaine, as well as possession of a machine gun which had not been registered. On May 13, 2003, a judgment order was entered in which the defendant was sentenced to 360 months and 5 years supervised release. A Notice of Appeal was filed on May 13, 2003. On October 28, 2003, he filed a § 2255 motion which was dismissed without prejudice pending disposition of his appeal. Following dismissal of his appeal on March 16, 2004, he re-filed his §2255 motion, which was subsequently denied on October 5, 2004. His appeal of the district's court's decision denying his § 2255 motion was dismissed on May 18, 2006.

4

the plaintiff alleges that he "refused to file any issues" with the court.  As previously noted, in Bivens, the Supreme Court held that damage suits could be maintained against federal officials for violations of the Constitution.  403 U.S. at 392.  An action under Bivens is almost identical to an action under § 1983, except that the former is maintained against federal officials while the latter is against state officials.  See Carlson v. Green, 446 U.S. 14, 25 (1980); Butz v. Economou, 438 U.S. 478, 504 (1978).  It is well established that criminal defense attorneys are not liable for alleged deprivations of constitutional rights under 42 U.S.C. § 1983, while representing a client, because in this capacity, they do not act under color of state law, whether privately retained, Deas v. Potts, 547 F.2d 800 (4th Cir. 1976); appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as public defenders, Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Similarly, attorneys are not transformed into federal officials for purposes of a Bivens action merely because they are appointed by a federal court pursuant to federal law.  See Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982) (attorneys do not act under color of state or federal law when representing clients, and therefore relief cannot be obtained under either section 1983 or Bivens).  According, neither Mr. Broccoletti nor Mr. Sequinot is a proper defendant under Bivens for actions they took during representation of the plaintiff against federal criminal charges.

**C.  AMENDED Complaint**

Federal Rules of Civil Procedure 15(a) provides that "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

On February 10, 2006, the plaintiff filed Memorandum of Points and Authorities in Support To Amend Civil Rights Complaint. Because no responsive pleading has been filed, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the plaintiff is allowed to amend without permission of the Court. Thus the plaintiff's' amended complaint should be deemed filed.

The plaintiff is seeking to amend his complaint to add thirteen named defendants. Eleven are law enforcement officers with the Commonwealth of Virginia, one is an attorney for the Commonwealth of Virginia, and the last is an alleged confidential informant for the Commonwealth of Virginia. The amended complaint indicates that the defendants acted in concert and raided his residence, where they confiscated property which was later forfeited even though the underlying offense was later dismissed by the District Court of the City of Virginia Beach. However, the Court has no personal jurisdiction over these individuals.

For a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied. "First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must also comport with Fourteenth Amendment due process requirements." Christian Sci. Bd. Of Dirs. Of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). The West Virginia long-arm statute is contained in W.Va. Code §56-3-33(a).[4]

---

[4]This section provides as follows:
(a) The engaging by a nonresident, or by his or her duly authorized agent, in any one or more of the acts specified in subdivisions (1) through (7) of the subsection shall be deemed equivalent to an appointment by such nonresident of the secretary of state, or his successor in office, to be his or her true and lawful attorney upon whom may be served all lawful process in any action or proceeding against him or her, in any circuit court in this state, including an action or proceeding brought by a nonresident plaintiff or plaintiffs, for a cause of action arising from or growing out of such act or

The Southern District of West Virginia has succinctly stated as follows regarding personal jurisdiction:

> "[b]ecause the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary...to go through the normal two-step formula for determining the existence of personal jurisdiction. Rather the statutory inquiry necessarily merges with the Constitutional inquiry. <u>In re Celotex Corp.</u>, 124 F.3d 619, 627-28 (4th Cir. 1997).
>
> To satisfy constitutional due process, the defendant must have sufficient minimum contacts with West Virginia so that requiring it to defend its interest here would not "Offend traditional notions of fair play and substantial justice." <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Those minimum contacts necessary to confer jurisdiction are limited to those activities by which a person "purposely avails itself of the privilege of conducting activities within the forum state."<u>Hanson v. Denckla</u>, 357 U.S. 235, 253, 78 S,Ct. 1228, 2 L.Ed.2d 1283 (1958)<u>see also</u> <u>In re Celotex</u>, 124 F.3d at 628 (the minimum contacts must be "purposeful"). This occurs where the contacts "proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state,"

---

acts, and the engaging in such act or acts shall be a signification of such nonresident's agreement that any such process against him or her, which is served in the manner hereinafter provided, shall be of the same legal force and validity as though such nonresident were personally served with a summons and complaint within this state:

(1) Transacting any business in this state;
(2) Contracting to supply services or things in this state;
(3) Causing tortious injury by an act or omission in this state;
(4) Causing tortious injury outside this state if he or she regularly does or solicits business, or engages in any persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he or she might reasonably have expected such person to use, consume or be affected by the goods in this state; Provided, That he or she also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(6) Having an interest in, using or possessing real property in this state; or
(7) Contracting to insure any person, property or risk located within this state at the time of contracting.

(b) When jurisdiction over a nonresident is based solely upon the provisions of this section, only a cause of action arising from or growing out of one or more of the acts specified in subdivision (1) through (7), subsection (a) of this section may be asserted against him or her.

> Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed..2d 528 (1985)(emphasis in original), or where the defendant's efforts are "purposefully directed" at the state. Id. at 476, 105 S.Ct. 2174.

Vass v. Volva Trucks North America, Inc., 304 F. Supp.2d 851, 854 (S.D. W.Va. 2004).

With regard to the actions of the individuals from Virginia, the plaintiff has failed to assert any contact by these defendants with the State of West Virginia, much less the minimum contact necessary to satisfy the Due Process Clause. Thus, based on the information contained in the Amended Complaint, the Court cannot exercise personal jurisdiction over these individuals as any action that took place appears not to have occurred anywhere in West Virginia, and there is no indication that these defendants had any contact with the State of West Virginia.

## IV.  RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the plaintiff's Bivens complaint (Doc. 1) be **DISMISSED WITH PREJUDICE** under 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim and his amended complaint (Doc. 8) be **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction over the named defendants therein.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are  made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* plaintiff and any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: May 31, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE