FILED

JUL 19 2006

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC BYERS,

        Plaintiff,

v.                     //        CIVIL ACTION NO. 1:06cv10
                                        (Judge Keeley)

UNIT MANAGER McADAMS, et al.,

        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 23, 2006, pro se plaintiff Eric Byers ("Byers"), an inmate at Gilmer Federal Correctional Institution ("FCI-Gilmer"), filed a civil rights complaint under 42 U.S.C. §1983.[1] In his complaint, Byers alleges that, during his ongoing incarceration, various named defendants, who work for the Bureau of Prisons ("BOP"), had retaliated against him for exercising his right to seek court review of his conviction and for pursuing his administrative remedies. He also named his trial attorney and appeals attorney as defendants in this matter.

On February 10, 2006, Byers filed a motion to amend his civil rights complaint, seeking leave to add thirteen additional defendants who are law enforcement officers and attorneys working in the Commonwealth of Virginia. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening

---

[1] Because Byers is a federal inmate pursuing claims against federal officials, the Court characterizes his complaint as one filed pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S.C. 388 (1971).

## ORDER ADOPTING REPORT AND RECOMMENDATION

and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.02.

On May 31, 2005, Magistrate Judge Kaull issued a Report and Recommendation, recommending that Byers' civil rights complaint be dismissed with prejudice. He concluded that Byers had failed to present allegations with respect to his retaliation claim which could survive the initial screening process. Her further found that Byers' claims against his prior counsel failed because neither attorney is a proper defendant under Bivens for actions that they took during their representation of the plaintiff against federal criminal charges. The Magistrate Judge also recommended that Byers' amended complaint be deemed filed, but dismissed without prejudice because the Court lacked personal jurisdiction over the newly named defendants.

The Magistrate Judge's Report and Recommendation specifically warned that failure to object to the recommendations would result in the waiver of any appellate rights on this issue. Nevertheless, Byers filed no objections to the Report and Recommendation[2]

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety. Accordingly, the Court **DISMISSES WITH PREJUDICE** Byers' civil rights complaint (dkt no. 1), **DISMISSES WITHOUT**

---

[2] Byers' failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

BYERS v. UNIT MANAGER McADAMS, et al                    1:06cv10

## ORDER ADOPTING REPORT AND RECOMMENDATION

**PREJUDICE** Byers' amended complaint (dkt no. 8),and **ORDERS** the case stricken from its docket.

The Clerk is directed to mail a copy of this Order to the <u>pro se</u> petitioner via certified mail, return receipt requested and to counsel of record.

Dated: July 19, 2006.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE
