IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**

AUG 2 2 2006

ERIC BYERS,

      Plaintiff,

**U.S. DISTRICT COURT**
**CLARKSBURG, WV 26301**

v.             //      CIVIL ACTION NO. 1:06cv10
                                  (Judge Keeley)

UNIT MANAGER McADAMS, et al.,

      Defendants.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 23, 2006, pro se plaintiff Eric Byers ("Byers"), an inmate at Gilmer Federal Correctional Institution ("FCI-Gilmer"), filed a civil rights complaint under 42 U.S.C. §1983.[1] In his complaint, Byers alleged that the defendants who work for the Bureau of Prisons ("BOP") have retaliated against him for exercising his right to seek review of his conviction as well as for pursuing his administrative remedies. He also named the attorneys who represented him in his criminal trial and the appeal of his criminal conviction as defendants in this case.

On February 10, 2006, Byers filed a motion to amend his civil rights complaint, seeking leave to add thirteen additional defendants who are law enforcement officers and attorneys working in the Commonwealth of Virginia. He alleges that these individuals acted in concert in raiding his residence and confiscating property which was later forfeited despite the case being dismissed.

---

[1] Because Byers is a federal inmate pursuing claims against federal officials, the Court characterizes his complaint as one filed pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S.C. 388 (1971).

<u>**ORDER**</u>

The Court referred this matter to United States Magistrate
Judge John S. Kaull for initial screening and a report and
recommendation in accordance with Local Rule of Prisoner Litigation
83.02.  On May 31, 2006, Magistrate Judge Kaull issued a Report and
Recommendation, recommending that Byers' civil rights complaint be
dismissed with prejudice. Specifically, he stated that, while Byers
alleged that the defendants retaliated against him in response to
his filing his appeal, he failed to establish that he suffered some
adversity in response to his exercise of protected rights. He
further concluded that Byers' attorneys in the underlying criminal
case and appeal are not proper defendants under <u>Bivens</u> for actions
they took during their representation of Byers.

The Magistrate Judge also recommended that Byers' motion to
amend be granted because no responsive pleading had been filed in
the case. He, however, recommended that Byers' amended complaint be
dismissed without prejudice because the Court lacked personal
jurisdiction over the newly named defendants who all reside and
work in the Commonwealth of Virginia.

Because Byers had filed no objections or motion for leave to
file untimely objections, on July 19, 2006, the Court entered an
Order adopting the Magistrate Judge's May 31, 2006 Report and
Recommendation, dismissing with prejudice Byers' initial civil
rights complaint, and dismissing without prejudice Byers' amended

complaint. On July 24, 2006, the Court received a letter dated July 20, 2006 from Byers, requesting that the Court provide him with a copy of the Report and Recommendation and additional time in which to "answer it" because he had previously advised the Clerk that he had not received the Report and Recommendation. On August 2, 2006, the Court vacated its July 19, 2006 Order and directed Byers to file his objections to the Magistrate Judge's Report and Recommendation by no later than August 21, 2006. After being granted an extension, Byers timely filed his objections.

Although the substance of Byers' objections was difficult to discern, the Court finds that Byers failed to specifically object to the Magistrate Judge's finding that the defendant attorneys, James Brococoletti and Marc Sequinot, were not proper defendants under <u>Bivens</u> based on actions taken while representing Byers against federal criminal charges and his recommendation that those claims be dismissed. Due to the failure to explicitly refute that finding and recommendation, the Court need not conduct a <u>de novo</u> review of the Magistrate's analysis or conclusions with respect to that particular issue. <u>See</u> 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of <u>those portions</u> of the report or <u>specified proposed findings or recommendations to which objection is made</u>.") (emphasis added); <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>see also</u> <u>United States v. 2121 E.30th St.</u>,

3

73 F.3d 1057, 1060 (10th Cir. 1996) (noting that circuit courts have uniformly held that the failure to file specific objections waives appellate review of factual and legal questions). Thus, the Court adopts the Magistrate's recommendation as to Byers' <u>Bivens</u> claims against counsel in full.

With respect to his retaliation claim, Byers appears to assert that he sought administrative remedies, but was placed in special housing to stop the remedy process. He specifically cites to two requests for administrative remedies, #385857R1 and #383773R1, in his objections, but does not state how he claims he was precluded from processing those remedies. In his initial complaint, Byers alleges that, after being placed in special housing in July, 2005, he filed two "sensitive BP-9s" and cites to the same request numbers. Byers, however, states that K.M. White, Regional Director, rejected the two requests for remedies because she had determined that the requests did not involve sensitive matters. A review of the pleadings filed by Byers in this action demonstrates that Byers was not precluded access to the administrative process within the BOP.

Furthermore, in <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994), the Fourth Circuit unequivocally held that "there is no constitutional right to participate in grievance proceedings." Retaliation claims "must allege either that the retaliatory act was

taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams, 40 F.3d at 75. Therefore, Byers cannot establish a retaliation claim based on allegations that he was precluded from pursuing his administration remedies.

Inasmuch as Byers alleges that the defendants have retaliated against him for seeking redress in federal court, the Magistrate Judge also correctly concluded that Byers was not precluded from seeking redress with the courts because he not only filed a direct appeal of his criminal conviction, but also filed a §2255 petition and appealed the district court's decision denying that petition. Therefore, Byers fails to assert any allegations sufficient to establish a retaliation claim.

With respect to the Magistrate Judge's finding that the Court lacks jurisdiction to hear the claims in his amended complaint, Byers states only that "consp[i]racy has no bound[a]ries from state to state" and that "[a]ny federal court can compromise defendants to answer to federal or civil charges as to 18 U.S.C. §245." Byers' proposition, however, is an incorrect statement of law.

Under Federal Rule of Civil Procedure 4(k)(1)(A), a federal district court may exercise personal jurisdiction over a defendant to the same degree that a counterpart state court could do so. As a result, for a district court to have jurisdiction over a non-

resident defendant the exercise of jurisdiction (1) must be authorized under the state's long-arm statute, and (2) must comport with the due process requirements of the Fourteenth Amendment. Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001)).

West Virginia's long-arm statute provides jurisdiction to the full extent allowable under the U.S. Constitution, In re Celotex Corp., 124 F.3d 619, 627-28 (4th Cir. 1997). Therefore, in order for a court to assert jurisdiction over a non-resident defendant within the confines of due process, the defendant must have "minimum contacts" with the forum state such that it is consistent with "fair play and substantial justice" to hold the defendant to account there. Int'l Shoe Co. v. Washington, 326 U.S. 310 , 316 (1945). In neither his amended complaint nor his objections did Byers allege any contacts by the defendants with the State of West Virginia. Therefore, the Court cannot exercise personal jurisdiction over these individuals.

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (dkt. no. 16) in its entirety, **DISMISSES WITH PREJUDICE** the claims in Byers' initial civil rights complaint (dkt no. 1), **GRANTS** Byers' motion to amend (dkt no. 8),

<u>ORDER</u>

**DISMISSES WITHOUT PREJUDICE** the claims in Byers' amended complaint

(dkt no. 8), and **ORDERS** the case stricken from its docket.

The Clerk is directed to mail a copy of this Order to the <u>pro</u>

<u>se</u> petitioner via certified mail, return receipt requested, and to

counsel of record.

Dated: August _____ *22* _____, 2006.


_____
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE